UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 4:20 CR 619-3 SRC |
| v. | ) | |
| | ) | |
| BRYAN MCDANIEL, | ) | |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S SENTENCING MEMORANDUM AND RESPONSE TO DEFENDANT'S REQUEST FOR A DOWNWARD VARIANCE

COMES NOW the United States of America, by and through Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Jenifer J. Roy, Assistant United States Attorney for the Eastern District of Missouri, and states as follows in response to the defendant's sentencing memorandum and request for a variance:

1. On January 6, 2022, the United States Probation Office filed the Final Presentence Investigation Report (hereinafter "PSR"). [DCD 155]  Neither party has filed objections to the findings of fact and conclusions of law as reported in the PSR.

2. The PSR concluded that the defendant's Total Offense Level under the United States Sentencing Guidelines was 13.  (PSR, para. 45)  The PSR also concluded that the defendant's Criminal History Category was III.  (PSR, paras. 53-55)  Based on a Total Offense Level of 13 and a Criminal History Category of III, the Guideline imprisonment range is 18 months to 24 months.  (PSR, paras. 96-99)  Since the applicable range is in Zone D of the Sentencing Table, the defendant is ineligible for probation.  USSG §

5B1.1, comment. (n.2). The PSR did not identify any factors that would warrant a *departure* from the applicable Guideline sentencing range. (PSR, para. 115)

3. However, pursuant to Title 18, United States Code, Section 3561(c)(1), the defendant is eligible for not less than one nor more than five years probation because the offense is a Class C Felony. (PSR, para. 103) The statute further provides that one of the following must be imposed as a condition of probation unless extraordinary circumstance exist: a fine, restitution, or community service. The maximum fine is $250,000.00 18 U.S.C. § 3571(b). (PSR, para. 105) The PSR did identify certain factors that may warrant a sentence outside of the advisory Guideline range. (PSR, paras. 116-118) The PSR noted that the defendant has an extensive drug abuse history and has had mental health issues since a young age. (PSR, para. 117) The PSR noted that the defendant was released on bond in May 2021, and successfully participated in a substance abuse treatment program with no reported drug use.

4. On January 3, 2022, the defendant filed a Sentencing Memorandum and Request for a Downward Variance in which he requested a non-custodial sentence. (Sent. Memo., p. 3) The defendant argues that the variance is warranted because of his success while participating in the Life Changers Outreach program. The defendant notes that he has worked diligently to combat his substance abuse issues and to resolve his pending criminal matters, including managing to get reinstated on his probation that was previously revoked in case number 1611-CR01629. The defendant is projected to graduate from Life Changers in July 2022.

5. Pursuant to Title 18, United States Code, Section 3553(a), the Court shall impose a sentence sufficient but not greater than necessary to comply with the purposes set forth in

    the statute and shall consider the: (1) nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense; to promote respect for the law; and provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational of vocational training, medical care or other correctional treatment in an effective manner; (3) the kinds of sentences available; (4) the applicable sentencing range established for the applicable category of offense; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to the victims of the offense.  18 U.S.C. § 3553(a)(1)-(7).

6. The Government has considered the § 3553(a) factors and states no objection to the defendant's request for a non-custodial sentence.  The Government defers to the Court on the nature of the sentence, whether imposed as probation or time-served with a term of supervised release, and further defers to the Court on the length of any term of supervision to be imposed.  The Government requests that the Court order the defendant to pay restitution in the sum of $170.00 to the victims identified in the PSR.  (PSR, para. 109)  The Government further requests that the Court consider the imposition of a fine or community service as a condition of supervision.  The Government believes that this recommended sentence is sufficient but not greater than necessary to achieve the sentencing considerations of Title 18, United States Code, Section 3553(a).  The Government notes that this is a serious, although non-violent, offense.  The Government further acknowledges that the defendant has a number of convictions and pending

3

criminal cases.  However, it is clear that the defendant has made significant progress while on bond and a non-custodial sentence would allow for the defendant's continued positive trajectory.

**WHEREFORE,** for the reasons stated above, the Government has no objection to the defendant's request for a downward variance from the Guideline range of imprisonment that would result in a non-custodial sentence.

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney

*/s/Jennifer J. Roy*
JENNIFER J. ROY, #47203MO
Assistant United States Attorney
Thomas F. Eagleton Courthouse
111 South Tenth Street, 20th Floor
St. Louis, Missouri 63102
(314) 539-2200

**CERTIFICATE OF SERVICE**

I hereby certify that on January 12, 2022, the foregoing was filed electronically under seal with the Clerk of the Court and to be served by operation of the Court's electronic filing system upon all counsel of record.

*/s/Jennifer J. Roy*
JENNIFER J. ROY, #47203MO
Assistant United States Attorney